IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY CHALFANT, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 15-1555
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Timothy Chalfant ("Chalfant") appeals an ALJ's denial of his claim for Social Security Disability ("SSD") under Title II of the Social Security Act "(the Act"), 42 U.S.C. § 401-433. Chalfant applied for SSD benefits in October of 2012 alleging a disability beginning on October 19, 2004. (R. 13) He alleges a number of impairments, including, residual symptoms from a brain tumor, complications from right knee pain, gout and obesity. (R. 16) Following a hearing and consultation with a vocational expert, the ALJ denied his claim, concluding that he retained the residual functional capacity ("RFC") to perform sedentary work with certain restrictions (R. 17-21) Chalfant appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos.* [9] and [13]. After careful consideration and for the reasons set forth below, this case is affirmed.

### Legal Analysis

1. <u>Standard of Review</u>

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, apps. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. the claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

2. <u>The ALJ's Evaluation of "Severe Impairment" at the Second Step</u>

At Step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that is severe. 20 C.F.R. § 404.1520(a) An impairment is not severe if it does not significantly limit the

physical or mental ability to do basic work activities. 20 C.F.R. § § 404.1520(c), 404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. § 404.1520(a). Urging that severity is a *de minimis* requirement, Chalfant contends that the ALJ erred in failing to find his back pain a "severe impairment."

Even accepting Chalfant's proposition, for purposes of argument, such error would be harmless. The ALJ found that Chalfant had several severe impairments including status post left knee surgery, gout, obesity, status post residuals from brain surgery, headaches and depression. (R. 16)[1] Because the ALJ found in Chalfant's favor at the second step, the fact that the ALJ did not describe the back pain as a severe impairment is harmless. *See Salles v. Comm'r. of Soc. Security*, 229 Fed. Appx., 140, 145 n. 2 (3d Cir. 2007) (stating that "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civ. No. 8-625, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."); and *Bliss v. Astrue*, Civ. No. 8-980, 2009 U.S. District LEXIS 12172, 2009 WL 413757 (W.D. Pa. Feb. 18, 2009) (stating that, "as long as a claim is not denied at step two, it is not generally necessary for the

---

[1] For this reason, Chalfant's citation to the Third Circuit Court's decision in *McCrea v. Comm'r. of Soc. Sec.*, 370 F.3d 357 (3d Cir. 2004) is unpersuasive. In *McCrea*, the ALJ denied the claimant's application for benefits at step two. *McCrea*, 370 F.3d at 360. Here, Chalfant's application was not denied at the second step. The ALJ's conclusion that Chalfant's back injuries did not constitute a "severe impairment" was not fatal to his case – analysis continued.

4

ALJ to have specifically found any additional alleged impairments to be severe …. Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe."). Because the ALJ found in Chalfant's favor at step two, any alleged error was harmless and does not require reversal or remand.

    3. <u>New Evidence</u>

As I mentioned previously, the instant review of the ALJ's decision is not *de novo*.[2] The ALJ's findings of fact are conclusive if supported by substantial evidence. *Matthews v. Eldridge*, 424 U.S. 319, 339 96 S. Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id*; 42 U.S.C. 405(g). Therefore, in this case, pursuant to Sentence Four of § 405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ when reviewing his decision.

However, if a claimant proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. § 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews*, 239 F.3d at 591-93 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v.*

---

[2] Chalfant invites this Court to follow approaches taken in other Circuits and "consider evidence that the claimant did not present to the [ALJ], but submitted for the first time to the Appeals Council, which accepted and considered the evidence but denied review of the ALJ decision." *See ECF Docket No*. [10], p., 9, *citing*, *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005). As this is contrary to Third Circuit case law, I decline Chalfant's invitation.

5

*Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Sec'y of HHS*, 745 F.3d 831, 833 (3d Cir. 1984), the Third Circuit Court explained the following:

> As amended in 1980, § 450(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relates to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

(citations omitted). All three requirements must be satisfied in order to justify remand. *Szubak*, 745 F.2d at 833.

In this case, Chalfant submitted a report dated July 31, 2014 from Dr. Hartmann, Chalfant's treating physician, to the Appeals Council. (R. 318) He contends that it meets the standard set forth in *Szubak*. After careful consideration, I disagree. Evidence is "new" if it was "not in existence *or available* to the claimant at the time of the administrative proceeding." *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990) (emphasis added). While I acknowledge that Dr. Hartmann's letter may not have existed at the time of the ALJ's decision, the treatment records upon which Dr. Hartmann's July 31, 2013 letter is based *were in existence* at the time the ALJ issued his decision. As such, the letter is merely indicative of his condition during and based upon records in existence during the relevant period of time but crafted after the ALJ issued his decision. As such, it does not constitute "new" evidence. Further, Chalfant cannot demonstrate "good cause" for not having submitted the evidence before the decision of the ALJ. Chalfant knew that Dr. Hartmann had treated him during the period at issue.

6

He had records related to his care. He was represented by counsel at the hearing and at no time did counsel object or indicate that the record should be held open for the submission of additional evidence. Indeed, at most counsel informed the Court that he had unsuccessfully attempted to contact Dr. Hartmann. (R. 52) Consequently, I find that Dr. Hartmann's report does not provide a basis for remand.

    4. <u>Post-Insured Date Evidence</u>

Chalfant also criticizes the ALJ for discussing an exhibit (B5F) during the oral hearing which he did not subsequently reference in his opinion. The exhibit in question post-dates Chalfant's date last insured. Specifically, Chalfant contends that he became disabled on October 19, 2004. His insured status expired on March 31, 2010. (R. 15) The records at issue post-date 2010. The medical records relate to exams from 2012 to 2014. (R. 297-317) Consequently, they are not relevant to the issue of whether Chalfant was disabled on or before March 31, 2010 and the ALJ was not required to reference them in his opinion. *See Cardinal v. Colvin*, Civ. No. 14-1368, 2016 WL 1237783 at * 5 (E.D. Pa. March 30, 2016) (stating that "the ALJ need only consider medical records prior to the date of last insured), *citing Ortega v. Comm'r. of Soc. Servs*., 232 F. App'x. 194, 197 (3d Cir. 2007) (holding that the ALJ need not consider medical evidence "after [the] last insured date"); *Hyler v. Colvin*, Civ. No. 12-4974, 2013 WL 3766817, at *9 (E.D. Pa. July 18, 2013) ("The relevant time period that the ALJ in this case must consider is whether plaintiff was disabled for DIB purposes at any time between plaintiff's alleged onset date … and the date plaintiff was last insured"); *Jennings v. Astrue*, Civ. No. 9-1642, 2009 WL 7387721, at *15 (E.D. Pa. Nov. 30, 2009 (stating that the ALJ is "not required to evaluate" evidence after the date last insured); *see also,*

7

*Fricker v. Halter*, 45 F. App'x. 85, 87 n. 1 (3d Cir. 2001) (evidence post-dating the date last insured is "not directly relevant"); *Spires v. Colvin*, Civ. No. 15-920, 2015 WL 7422014, at *9 (E.D. Pa. Nov. 5, 2015) ("evidence that does not relate to the period between the alleged disability date and the date last insured is not probative.").

    5.  <u>The ALJ's Step Three Analysis</u>

Chalfant next contends that the ALJ's analysis under step three was deficient. As set forth above, in step three of the analysis the ALJ must determine if the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. *Jesurum v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119 (3d Cir. 2000.

Here, Chalfant urges that the ALJ offered only a cursory analysis of relevant listings. Specifically, Chalfant contends that the ALJ failed to provide a meaningful analysis with respect to whether his knee and back conditions met the criteria under 1.00 Musculoskeletal System. The Third Circuit Court has held that an ALJ's bare conclusory statement that an impairment did not match, or was not equivalent to, a listed impairment was insufficient. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-20 (3d Cir. 2000). But it is important to note that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review. In this case, "the ALJ's decision, *read as a whole*, illustrates that Jones did not meet the requirements for

8

any listing, including Listing 3.02(A)." *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004) (emphasis added) (citations omitted). Here, although the ALJ may have abbreviated his findings in his step three analysis, a further articulation of his position and analysis of Chalfant's impairments can be found at subsequent parts of his analysis. (R. 18-19) Consequently, in reading his decision as a whole, his reasoning for finding that Chalfant did not meet the requirements for any Listing is clear and supported by substantial evidence of record.

      6. <u>Residual Functional Capacity Assessment</u>

Finally, Chalfant contends that the ALJ's RFC assessment is not supported by substantial evidence of record. His argument rests upon the assertion addressed above, that his back impairment is "severe." For the reasons set forth elsewhere in this opinion, Chalfant's argument is unconvincing. Similarly, Chalfant urges that the ALJ did not properly take into account his need to prop up and ice his leg. This argument is undeveloped and wholly inadequate, consisting of no more than three sentences. *See Pennsylvania v. U.S. Dept. of Health & Human Serv.*, 101 F.3d 939, 945 (3d Cir. 1996) (stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court). Consequently, I will not address the theory set forth in this topic heading.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY CHALFANT, )
          Plaintiff, )
  -vs- ) Civil Action No. 15-1555
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 6th day of December, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge